**Garland Max FUNKHOUSER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18136.**

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1973.

W. Michael Hackett, Asst. Public Defender, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Garland Max Funkhouser, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Case No. CRF–72–1137, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at fifteen (15) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Paul Gifford testified that he was the operator of Sanders' Feed Mill at Yale and Dawson Road in Tulsa; that on June 5, 1972, at approximately 5:30 p. m. he and the mill foreman secured all the doors and left for the day. When he returned to the mill, he discovered that the gumball machine was missing from the office. He testified that he gave no one permission to take the gumball machine from the mill.

Andrew Robinson testified that he was employed as the foreman of Sanders' Feed Mill; that on June 5 he locked the front door of the mill, the rest of the doors and windows having already been locked. He returned at approximately 8:00 a.m. the following morning and observed that the glass in the overhead door was broken out and the backdoor was open. He testified that a gumball machine was missing from the premises. A car was parked behind the mill with the gumball machine in it. On cross-examination he testified that he did not specifically see the gum machine as he left on June 5. On redirect-examination he testified that the machine was located approximately eighteen inches from the door and that he would have noticed it if it had been missing when he left.

Mae Poindexter testified that her boy sold a car to the "Funkhouser boys." The court sustained objections to the majority of the witness's testimony as being hearsay.

Deputy Sheriff Bill Baker testified that on June 6, 1972, he investigated a burglary at Sanders' Feed Mill. He observed a car sitting behind the building containing a gumball machine. On June 13, 1972, he had a conversation with the defendant concerning the burglary. He advised the defendant of his constitutional rights and ascertained that the defendant understood the same. The defendant admitted that he broke into the mill and took the gumball machine. Defendant stated a policeman came by and that in attempting to get away, his vehicle became stuck and he abandoned it.

Deputy Sheriff Bob Randolph's testimony did not differ from testimony of Deputy Baker.

The sole proposition asserts that the trial court erred in failing to sustain the de-

fendant's motion to dismiss and motion for a directed verdict. Defendant argues that the confession standing alone without independent evidence tending to prove the corpus delicti of the crime charged is insufficient to sustain the finding of guilt. This general rule of law is correct, however, we are of the opinion that the corpus delicti was established by the evidence. The operator of the mill and his foreman both testified that the doors and windows of the building were secured on the preceding night. The foreman testified that the following day a window had been broken and a door opened. The foreman further testified that a gumball machine was missing from the premises. The investigating officers testified that they found a gumball machine such as that described in an abandoned car a short distance away. It thus appears the circumstances were sufficient to establish the commission of the crime of Burglary in the Second Degree. The judgment and sentence is affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.